985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo Antonio MAIRENA-ARROLIGA; Cristian Mairena-Cruz;
Jose Mairena-Cruz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70305.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 3, 1993.
 
 Petition for Review of a Decision of the Immigration and Naturalization Service, INS. No. Ask-ynj-qtm.
 BIA
 REVERSED AND REMANDED.
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Antonio Mairena-Arroliga and his two teen-aged sons, all natives and citizens of Nicaragua, petition this court for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the immigration judge's denial of their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h).
 
 
 3
 The BIA based its dismissal on its determination that there was "no basis to support the respondents' [now petitioners'] contention that they have a well-founded fear of persecution ... or that they have established a claim of past persecution sufficient to merit a grant of asylum relief." The BIA's only stated ground for its determination was the fact, of which it took administrative notice, that "the Sandinista party no longer controls the Nicaraguan government."
 
 
 4
 Petitioners argue that the BIA's determination is not supported by substantial evidence. We find that this court's opinion in Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992), dictates that we reverse the BIA's decision and remand. In Castillo-Villagra, we held that the BIA improperly took administrative notice of the effect of the change of government in Nicaragua on whether petitioners' fear of persecution was well-founded. As in Castillo-Villagra, the petitioners here "were given no notice or opportunity to be heard regarding whether notice should be taken or whether the political changes in Nicaragua obviated their fear of returning." Id. at 1020. The BIA deprived petitioners of Fifth Amendment due process by denying them the opportunity to rebut the noticed facts. Id. at 1029.
 
 
 5
 Petitioners also contest the BIA's dismissal of their claims of past persecution. We find that the BIA's decision in this regard amounts to a boilerplate opinion, "which set[s] out general legal standards yet [is] devoid of statements that evidence an individualized review of the petitioner[s'] contentions and circumstances." Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). Castillo instructs us that "the Board's opinion must state with sufficient particularity and clarity the reasons for denial of asylum." Id. In light of Castillo, we direct the BIA on remand to clarify the bases for its opinion. Id. (BIA opinions lacking adequate statements of reasons for denying relief must be remanded to the BIA for clarification).
 
 
 6
 Finally, petitioners assert that the immigration judge's admission into evidence of an unauthenticated State Department advisory opinion constituted prejudicial error. Notably, both the immigration judge and the BIA explicitly stated that they did not rely upon the advisory opinion in reaching their decisions. "We find prejudice where an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings.' " Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990) (citation omitted). With that in mind, this court has previously held that a petitioner fails to establish prejudice concerning admission of a State Department advisory opinion where the immigration judge ruling on the asylum application indicated that he was not relying on the opinion. Barraza Rivera, 913 F.2d at 1448; Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977). We therefore conclude that any error committed by the immigration judge in this respect was harmless.
 
 
 7
 We vacate the BIA's orders in this matter, and remand for proceedings at which the petitioners may be heard on the appropriateness of administrative notice and may present evidence regarding the noticed facts.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3